BENSON & MARXER, Appellees, v. J. S. BROWN, Appellant.

**PLEADING:** Failure to Plead Waiver—Estoppel.    One who, without
1    apt objection, permits his antagonist at the trial to prove a waiver without plea thereof, may not thereafter insist that the absence of such plea is fatal.    So held where a building contractor sued for ''extras'' which were *orally* authorized by the architect, when the written contract provided that no changes could be made except on the *written* authorization of the architect.

**APPEAL AND ERROR:** Striking Reply Brief.    A brief may not be
2    stricken on the ground that it contains untenable positions.

*Appeal from Des Moines Municipal Court.*—O. S. FRANKLIN, Judge.

OCTOBER 2, 1920.

REHEARING DENIED JANUARY 20, 1921.

THE trial court allowed the appellee a recovery for certain extras. ·Defendant, Brown, appeals.—*Affirmed.*

*Stewart & Hextell,* for appellant.

*H. L. Bump,* for appellees.

SALINGER, J.—I. The plaintiff furnished "extras." It seems to be conceded that it is entitled to pay for them, either from defendant Brown or his lessee, the O'Dea Hardware Com-

1. PLEADING: failure to plead waiver: estoppel.

pany. After plaintiff and defendant Brown had rested, and before the hardware company had adduced any testimony, it moved a directed verdict, except as to shelving lumber, amounting to $29.67, the partition lumber, of $5.88, and the pro rata work done upon the various items of lumber under that heading. The motion urged: (1) That the evidence shows conclusively that, aside from the excepted items, a finding against the hardware company in favor of the plaintiff would be unsupported by the evidence; and (2) that the record is such that it wholly fails to support a finding against the movent, except as to the excepted items. The motion was sustained, and the hardware company has paid plaintiff accordingly. This left an unpaid balance, and the court, to cover it, entered judgment against Brown. And he takes the position that, though it may be settled that plaintiff has received all that is due it from the hardware company ($55.56), this fact gives the court no right to charge Brown with what was not paid by the hardware company, to wit, $410.29. We sustain this contention. The question is not whether plaintiff will lose money if no one pays the difference between the value of the extras and what it accepted from the hardware company, but is whether Brown owes that difference; and the granting of the directed verdict to the hardware company does not adjudicate that Brown owes what the company did not pay.

The plaintiff asserts that Brown does owe that difference, because the architect employed by Brown to supervise the construction of the building under his plans, ordered the extras claimed for of Brown, and therefore bound his principal to pay the con-

tractor for them. Brown responds that the building was erected under a written contract, having the following provision: No alterations shall be made in the work, except upon the written order of the architects, the amount to be paid by the owner or allowed by the contractor by virtue of such alterations to be stated in said order. Should the owner and contractor not agree as to the amount to be paid or allowed, the work shall go on under the order required above; and, in case of failure to agree, the determination of said amount shall be referred to arbitration, as provided for in Article XII of this contract.

Brown urges that no such written order was ever made, and that no claim is made in the pleadings, either that such order was ever made, or that same was waived by defendant Brown. We find this statement as to the pleadings to be true.

II.   Upon these premises, appellant contends that, no matter what oral authorization the architect may have given (denying that he gave any), the failure to authorize in writing is fatal, in the absence of plea and proof that the contractual written authorization was waived. It is contended, too, that plaintiff so construed the contract. But we find it unnecessary to pass upon this contention.

Recurring to the absence of written authorization, and to the question of waiver and plea and proof thereon, we have to say: It may be conceded, settled law, and to be held in *Volquardsen v. Davenport H. & S. Sav. Bank,* 161 Iowa 706, that, where there is an agreement which provides for no change or deviation from the plans and specifications, except upon the written consent and order of the architect, accompanied with a statement of the cost of change, the architect has no authority to make a change, except on these terms, and it may not be made effective against the owner that there was merely oral permission of the architect. In effect, that is the holding in *Chicago Lbr. & Coal Co. v. Garmer,* 132 Iowa 282, with the significant addition, however, that this is so unless the change is "otherwise authorized or ratified." It is true that no waiver can be claimed without such plea. But that is not the controlling question. The real question is whether conduct on the trial did not waive the right to claim now that failure to have written authority is fatal. Though a waiver must be pleaded, to be available below, it does not fol-

low that, if evidence tending to establish waiver or authorization is put in without objection, that it may be urged on appeal for the first time that the absence of the written authority is fatal. For this, surely, citations are unnecessary. The case here, then, resolves itself into an inquiry whether apt objection was made when testimony tending to show oral authorization by the architect was put in.

There were objections to the effect that offered testimony was incompetent and immaterial, "under the written contract." With one exception, these were motions to strike, made after answer without objection. But pass that. The objections were not made to anything that tended to show authorization other than written. They were addressed to testimony that Brown saw the making of one change and made no objection; and addressed to testimony that a building should have ventilation; and to whether a certain kind of window would improve and help the building. As to the remaining objection, a witness said that the items claimed for in the statement furnished by plaintiff and the labor performed were not included in the original contract. This went without objection. Then this objection was made:

"Brown at this time objects to these items being introduced as evidence unless there is some other evidence, other and different than the written contract, that will be introduced at this time. The evidence is not admissible."

Nowhere can we find an objection that raises the point that testimony of oral authorization is not admissible because a written contract controls. It follows we cannot reverse because the authorization of the extras was given verbally, instead of in writing.

III. Appellant has moved that the reply brief of appellee be stricken. The ground of the motion is that this brief relied wholly upon a waiver, when, in truth, no waiver is pleaded. Appellee responds, first, that but one day's notice was given, and that, passing that, the record clearly shows a waiver *was* pleaded, and that appellee relied on same. Be that as it may, if it were assumed that no waiver is pleaded, that would only work that the reply brief contends for something that the appellee cannot success-

2. APPEAL AND ERROR: striking reply brief.

fully maintain. The fact that a brief contains untenable positions is no ground for striking the same, and the motion is overruled.—*Affirmed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.